Wright, Jones & Bronson, of Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and Owen P. Hughes, Asst. U. S. Atty., both of Tacoma, Wash., and Thomas R. Winter, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., for defendant.

CAMPBELL RIVER TIMBER CO., Limited, v. VIERHUS, Collector of Internal Revenue. No. 8335.

District Court, W. D. Washington, S. D. May 9, 1936.

CUSHMAN, District Judge (after stating the facts as above).

The question presented is one of law. The plaintiff contends that, while the change made by the agreement (Exhibit A attached to the complaint) amounted to an extension of the maturity date of the bonds, it was not the renewal contemplated by the statute.

The demurrer will be sustained. Sheldon v. Mississippi Cottonseed Products Co. (C.C.A.) 81 F.(2d) 169, certiorari denied Mississippi Cottonseed Products Co. v. Sheldon, Collector, etc., 297 U.S. 721, 56 S. Ct. 599, 80 L.Ed. 1005, March 16, 1936.

As shown in the foregoing case, the word "renewal" may be given different meanings, included among them—where bonds or other promises to pay are the subject-matter involved—that of an "extension" or postponement of the maturity date. To this extent there is ambiguity and the word becomes properly the subject of executive construction, which construction, when general, uniform, or settled, and long-continued, being later followed by congressional re-enactment of the statute construed, may be considered as having received congressional approval.

In Cole v. Commissioner of Internal Revenue (C.C.A.) 81 F.(2d) 485, at page 488, the court concluded the statutes, which had received an administrative construction disapproved by the court, were not ambiguous, that there had been no departmental construction, that the administrative interpretation had not been general, uniform, nor long-continued.

Any order based on the foregoing ruling will be settled upon notice.

The clerk is directed to notify the attorneys for the parties of the filing of this opinion.